SHIELDS, J.
This action was commenced in the court below to enforce a judgment lien upon the undivided interest of Perry Loos, one of the plaintiffs in error, in his deceased father’s real estate.
The facts appearing of record are as follows: August 18, 1910, one John Loos, died intestate, owning certain real estate *810 in Coshocton county, Ohio, leaving his widow, Elizabeth Loos, and the said Perry Loos, Martha E. Rehard and Mary E. Loos, his children, surviving him.
By the terms of his will, the said John Loos, deceased, devised his real estate to his said widow for and during her natural life, and at her death, certain tracts thereof and therein described, to his said children: Martha E. Rehard, and Mary E. Loos, and one Jessie C. Loos, the latter being the wife of the said Perry Loos. No property was devised to the said Perry Loos.
On October 16, 1919, Elizabeth Loos, widow of the said John Loos, died.
On March 19, 1921, Henry Rehard, husband of the said Martha E. Rehard, produced and offered for probate a paper writing purporting to be the last will and testament of the said John Loos, deceased, which was admitted to probate on May 16, 1921.
On September 30, 1910, judgment was obtained against the said Perry Loos and others in the common pleas court of said Coshocton county, by the defendant in error for the sum of $1,-001.80 on which there is due and unpaid the sum of $584.90, on a debt created before the death of the said John Loos, and subsequent thereto executions were issued on said judgment from time to time and levied on the interest and estate of the said Perry Loos in said real estate, and that said lien thereby became and is a good and valid and subsisting lien thereon. That the said Perry Loos has no other property subject to execution out of which said judgment can be satisfied.
After reciting the foregoing facts in its petition, the plaintiff avers that the “said Martha E. Rehard, Mary E. Loos and Jessie C. Loos each had knowledge of the existence of said will and each had it within her control and each failed and neglected to cause the same to be offered for or admitted to probate within the term of three years from the time she had knowledge of its existence and had it in her control. By reason of the premises, the plaintiff avers that no title to any part of said real estate passed to or vested in any of said parties under said will *811 and the title to said real estate at the death of John Loos passed to and vested in his three children, subject to the interest of his said widow. ’ ’
The prayer in said petition is that the one undivided third of said real estate be declared to be the property of the said Perry Loos, that his title thereto be quieted as against the claims of the other defendants under said will and that the interest of the said Perry Loos in said real estate be sold to satisfy said judgment.
In their amended answer, and for a first defense, the defendants admit the recovery of said judgment by the plaintiff, that there is an unpaid balance due thereon of $584.90 and that executions were issued thereon as averred in the plaintiff’s petition ;; that the said John Loos died testate, seized of the real estate in said petition described and left • surviving him his widow, Elizabeth Loos, and the defendants, Perry Loos, Martha E. Rehard and Jessie C. Loos, his only children and heirs at law; that on or about March 19, 1921, Henry Rehard, husband of the said Martha E. Rehard duly offered for probate the last will and testament of the said John Loos, deceased, and on May 16, 1921, the same was duly admitted to probate and record by the probate court of said Coshocton county; that by the terms of said will, said real estate was devised as in said petition set forth; that the defendants, Martha E. Rehard, Mary E. Loos and Jessie C. Loos, each had knowledge of the existence of such will, and the defendants deny all the other allegations in plaintiff’s petition, not admitted in said answer to be true.
For a second defense defendants set up two grounds of defense :
(1) The cause of action did not accrue within six years next prior to the time of the commencement of this action.
(2) The cause of action did not accrue within one year next prior to the time of the commencement of this action.
A demurrer was filed to said petition raising substantially the defenses pleaded in the second ground of defense in defendant’s answer which was overruled by the trial court.
In the court below the defendant in error recovered a judg *812 ment and decree as prayed for in its said petition and by a petition in error it is here sought to reverse said judgment.
An inspection of the pleadings shows that there is little or no controversy between the parties hereto as to the material facts alleged in said petition, but the contention arises as to the construction of Sec. 10542 G-. C., the provisions of which section it is claimed govern a case of this character under the admitted facts.
Said Sec. 10542 provides that
“No lands, tenements or heriditaments, shall pass to any devisee in a will, who for three years knows of its existence, and has it in his power to control it, unless, within that time, he causes it to be offered for, or admitted to, probate. By such neglect, the estate devised to such devisee shall descend to the heirs of the testator. ’ ’
That the rights of beneficiaries under a will may be saved and not lost, the legislature of this state has wisely provided in Secs. 10511 and 10514 G. C., a method by which a will known to exist may be produced, after the death of the testator, for the purpose of probate, and in default of producing the same, the person having the custody or control of such will, in the absence of reasonable cause, may be cited and punished therefor. Section 10541 G. C., likewise provides that
“Unless it has been duly admitted to probate or record as provided in this chapter, no will shall be effectual to pass real or personal estate.”
It will thus be seen that under the foregoing statutes “if real or personal estate be devised or bequeathed by one’s last will, the executor, or any person interested therein may cause it to be brought before the probate court.” And until it shall be admitted to probate, such will shall be ineffectual to pass either real or personal property. Said Sec. 10542 then prescribes a limitation of time of three years when it shall be offered for probate and any neglect to do so, etc. Here it appears of record that the said John Loos, deceased, executed his will July 18,1910, and before his death delivered his said will to Henry Rehard, his son-in-law and the executor named therein, *813 who, with the knowledge of the devisees named therein, retained the same in his custody until March 19, 1921, before the same was offered for probate. With this information and under the circumstances appearing of record, the defendant in error contends that the case clearly falls within the provisions of said Sec. 10542 and that the estate of the said John Loos, deceased, descends to his heirs, including Perry Loos, one of the plaintiffs in error. This contention is opposed by the plaintiffs in error on the ground that the provisions of said Sec. 10542 do not apply under the facts in this case, and on the further ground that the claim of the defendant in error is barred by the statute of limitations.
(1) That the statutes already referred to place it in the power of a person interested in a will, known to exist, to compel the person having the custody or control of the same to produce it by process, if necessary, that it may be admitted to probate seems clear, and construing the language used in said Sec. 10542 to mean what it says, it is equally clear that where a person interested in a will neglects to take such action within three years after the known existence of the will, such will becomes inoperative as to vesting title to real estate, and the real estate devised to such person descends to the heirs of the testator. Here it appears that each and all of the plaintiffs in error knew of the existence of said decedent’s will, if not of its contents, from the time it was first placed in the custody of Henry Re-hard in the year 1910.
(2) It is contended on the part of the plaintiff in error that the cause of action is barred by the statute of limitations. The record shows that said judgment was recovered September 30, 1910, and that executions were issued thereon September 30, 1910, December 3, 1914, and October 21, 1919, the last two being levied on the interest and estate of the said Perry Loos in the real estate of which his father died seized. Up to this time said will had not been filed for probate, hence the title held by the widow and heirs of said decedent was one of inheritance, and the priority and validity of the lien of the defendant in error on said Perry Loos’ interest therein would not then be open to *814 question. Afterwards, on March. 19, 1921, the will was offered for probate and admitted to probate on May 16, 1921. It will scarcely be claimed that the statute of limitations began to run before that time, namely, March 19, 1921, hence the six years statute of limitations interposed could not apply, nor would the one year statute of limitations apply for the reason that the action was brought within three months after the will was offered for probate and even before the will was in fact probated.
Upon a review of the entire record, we find no error in the proceedings of the court below and the judgment of that court will therefore be affirmed.
Patterson and Houck, JJ., concurring.